IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82291-TJM |
| | ) | |
| BRANDI LEE VANDENBERG, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## **MEMORANDUM**

This matter was presented to the Court upon a Motion to Dismiss for Abuse Pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3) filed by the U.S. Trustee (Fil. #11), and a Resistance filed by Debtor (Fil. #16). The hearing was held in Omaha, Nebraska, on May 5, 2008. David G. Hicks appeared for Debtor, and Jerry L. Jensen appeared for the U.S. Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

For the reasons stated herein, the U.S. Trustee's Motion to Dismiss (Fil. #11) should be denied.

### *Background*

Although the U.S. Trustee's motion to dismiss raised numerous issues, the parties have now narrowed the matters in dispute. Specifically, the parties dispute whether Debtor should be entitled to a means test deduction for her home mortgage payment when she has stated her intention to surrender her home. Further, the parties dispute whether Debtor has shown "special circumstances" to rebut the presumption of abuse or, if the presumption does not arise, whether abuse exists under the totality of circumstances.

The parties are in general agreement on the facts. According to the amended Chapter 7 Statement of Current Monthly Income and Means Test Calculation (Form 22A) filed by Debtor, her current monthly income is $5,579.35, or $66,952.20 annualized. That amount exceeds the applicable median family income for Debtor's household size and, therefore, Debtor was required to prepare the expense portion of the means test form. Debtor included in her expense calculations $1,835.00 for the average monthly payment on the debts secured by her home. Debtor's means test form indicates her monthly disposable income is negative in the amount of $671.73.

The U.S. Trustee notes, and Debtor does not dispute, that Debtor's income calculations fail to take into account $501.00 that Debtor receives on a monthly basis for child support for her minor child. The U.S. Trustee further asserts Debtor should not be allowed to deduct her home mortgage payment since she has filed a statement of intent to surrender the home. According to the U.S. Trustee, Debtor should only be entitled to the IRS standard housing expense applicable to Debtor in the amount of $740.00. When the $501.00 child support income is included as income and the housing expense is reduced from $1,835.00 to $740.00, the U.S. Trustee calculates Debtor's monthly

disposable income to be approximately $924.00. Therefore, according to the U.S. Trustee, the presumption of abuse does arise. Alternatively, the U.S. Trustee asserts that if Debtor is entitled to deduct the home mortgage payment for means-test purposes, the surrender of the home should be taken into account under the totality-of-circumstances test of 11 U.S.C. § 707(b)(3).

*Discussion*

Form B22A was created to implement the complicated means test calculation of 11 U.S.C. § 707(b). In conducting the means test for an above-median debtor whose debts are primarily consumer debts, the form and the statute require a calculation of a debtor's current monthly income and allow the debtor to deduct for means-test purposes expense amounts in certain categories determined by National Standards and Local Standards issued by the Internal Revenue Service, and actual expenses in other categories. 11 U.S.C. § 707(b)(2)(A)(ii)(I). If, as a result of application of the means test, a presumption of abuse arises, it is possible for a debtor to rebut that presumption by asserting special circumstances under 11 U.S.C. § 707(b)(2)(B)(i).

It is undisputed that even when the child support income is properly factored into Debtor's current monthly income, Debtor's means test still shows negative monthly disposable income. Therefore, the presumption of abuse does not arise unless Debtor is prohibited from taking her full mortgage expense deduction. Therefore, the threshold question to be answered is whether an above-median Chapter 7 debtor is entitled to deduct the full amount of his or her mortgage expense when the debtor has filed a statement of intention to surrender the mortgaged property.

11 U.S.C. § 707(b)(2)(A)(i) provides as follows:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of–
>> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or
>> (II) $10,950.

Thus, that section requires a calculation of current monthly income reduced by amounts determined under additional statutory subsections. One of those subsections is (iii), which provides as follows:

> (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of–
>> (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition[.]

The question, therefore, is whether payments on a home mortgage for which the collateral is being surrendered constitute "amounts scheduled as contractually due to secured creditors . . . ."

As is typical with most contested issues regarding the interpretation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the courts are split on this issue. *See, e.g., Fokkena v. Hartwick*, 373 B.R. 645 (D. Minn. 2007) (holding that "the plain language of § 707(b)(2)(A)(iii) dictates that a debtor must be permitted to deduct secured payments on property even if that debtor intends to surrender that property post-petition") and *In re Skaggs*, 349 B.R. 594, 600 (Bankr. E.D. Mo. 2006) (refusing to allow a secured debt deduction when the mortgaged property had been surrendered).

I agree that Debtor is entitled to the means test deduction despite her intent to surrender, for two reasons. First, the statute clearly refers to "amounts scheduled as contractually due to secured creditors." The mere act of surrendering or stating an intent to surrender collateral does not alter the contractual obligation to make payments. Second, the means test is simply a calculation to determine whether a presumption of abuse arises. It is not dispositive on the abuse issue. For example, if a presumption of abuse arises as a result of the calculation, the debtor can show special circumstances to rebut the presumption under 11 U.S.C. § 707(b)(2)(B). Also, if the presumption of abuse does not arise under 11 U.S.C. § 707(b)(2), a motion to dismiss for abuse can still be granted (and the intent to surrender can be considered) under 11 U.S.C. § 707(b)(3), which provides in pertinent part as follows:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph[1] does not arise or is rebutted, the court shall consider–
> (A) whether the debtor filed the petition in bad faith; or
> (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

Accordingly, since the presumption of abuse does not arise under § 707(b)(2), this Court must still determine whether the granting of Chapter 7 relief in this case would constitute an abuse. Section 707(b)(3) provides the standard for such consideration, namely bad faith or the totality of circumstances. The U.S. Trustee does not assert bad faith. However, the U.S. Trustee argues that under the totality of circumstances of Debtor's financial situation and as a result of the surrender of her home, she could have over $900.00 per month of disposable income to contribute to unsecured creditors under a Chapter 13 plan.

In response, Debtor has presented her affidavit (Fil. #19). In her affidavit, Debtor discusses several special circumstances regarding her expenses. She notes that her ex-husband is no longer paying her monthly car payment of $390.00. Debtor was not able to take that deduction on the means test form, but represents that she will be responsible for that payment in the future. Debtor

---

[1]Congress apparently meant to refer to subsection (A)(i) of Paragraph (2) because there is no subsection (A)(i) of Paragraph (1).

further represents that her child care cost has increased from $200.00 to $498.00 per month, and her automobile insurance premiums have increased from $60.00 to $104.51. Combined, those expenses amount to $732.51. Further, attached to Debtor's affidavit is a letter from her doctor testifying as to several recent medical issues and related additional expenses.

Based on the evidence presented, it is apparent that this Debtor is struggling to make ends meet and is not seeking to take unfair advantage of Chapter 7. The presumption of abuse does not arise. Further, under the totality of circumstances of this case, Debtor's financial situation does not demonstrate abuse in this case. Therefore, the U.S. Trustee's Motion to Dismiss (Fil. #11) should be denied.

Separate order to be filed.

DATED:  May 8, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    David G. Hicks
    *Jerry L. Jensen/U.S. Trustee
    Thomas D. Stalnaker

Movant(*) is responsible for giving notice to other parties if required by rule or statute.